UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80108-Cr-CANNON/REINHART

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ADRIAN SANCHEZ-LOPEZ,

        Defendant.

_____/

## PLEA AGREEMENT

The United States of America (hereinafter "the United States" or "this Office"), and ADRIAN SANCHEZ-LOPEZ (hereinafter referred to as the "defendant"), enter into the following agreement:

1.    The defendant agrees to plead guilty to the sole count of the Information, which charges the defendant with Reentry after Deportation (Prior Felony Conviction), in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1). The defendant admits that he is, in fact, guilty of that offense.

2.    The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a

Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1, and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to

avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any jury, governmental entity, or official; or (4) attempts to withdraw his guilty plea after a finding by the Court that such was knowingly and voluntarily made.

4. **Non-Binding Sentencing Stipulations**: This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. To that end, the parties stipulate and agree that:

a.) Section 2L1.2 is the section of the United States Sentencing Guidelines (USSG) applicable to the defendant's offense of conviction;

b.) Pursuant to USSG § 2L1.2(a), the defendant's Base Offense Level would be a Level 8;

c.) On August 2, 2018, the defendant was adjudicated guilty of a probation violation in the Circuit Court of the Tenth Judicial Circuit, in and for Hardee County, Florida, in Case No. 2015CF000051CFAXMX of one (1) prior felony for Criminal

3

Mischief, $1,000 or More, in violation of Florida Statute 806.13, and sentenced to a term of 150 days in jail;

d.) Accordingly, pursuant to USSG § 2L1.2(b)(3)(D), the defendant is subject to a four (4) level upward adjustment in his advisory guidelines, resulting in a total Offense Level of 12;

e.) Assuming the defendant complies with his obligations set forth in Paragraph 3, above, and the Court finds the defendant entitled to such, that pursuant to USSG § 3E1.1, the defendant's Offense Level should receive a two (2) level downward adjustment, resulting in an Adjusted Offense Level of 10;

f.) The defendant has a total of four (4) Criminal History Points, placing him in Criminal History Category III, with an Advisory Guidelines Range of 10-16 months' imprisonment; and

g.) The parties mutually agree to recommend to the Court that a sentence of one year and one day to be a reasonable sentence, and is sufficient, but not greater than necessary, to achieve the goals set forth in Title 18, United States Code, Section 3553(a).

4. **MAXIMUM PENALTIES:**

a.) The defendant understands and acknowledges that the Court may impose a maximum term of ten (10) years' imprisonment, to be followed by a maximum term of three (3) years' supervised release, and a fine of up two-hundred and fifty-thousand dollars ($250,000.00).

b.) **Immigration Consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the

4

defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Reentry after Deportation, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States. The defendant also understands and acknowledges that if he is removed or deported from the United States following his conviction in this case, it is a serious federal felony offense to thereafter reenter the United States without obtaining the prior express written permission of the United States Secretary of Homeland Security.

5.   The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant as to the Count of Conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment,

5

the defendant should be required to present evidence to the United States and the Court as to the reasons for his failure to pay.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office"), and the defendant, reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that his sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This Plea Agreement constitutes the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 8/7/23

By: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 8/7/23

By: _____
M. CAROLINE McCRAE
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 8/7/23

By: Adrian Sanchez Lopez
ADRIAN SANCHEZ-LOPEZ
DEFENDANT

Translated into Spanish by: _____
(Signature)

Sean Logsdon
(Printed Name)

On 7th day of August, 2023, at West Palm Beach, Florida

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80108-CR-CANNON/REINHART

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ADRIAN SANCHEZ-LOPEZ,

        Defendant.

_____/

## STIPULATED STATEMENT OF FACTS

### A. Elements of Offense

Were this matter to have proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt as to the sole count of the Information, which charges the defendant with Re-entry After Deportation Without Authorization of the Secretary of Homeland Security, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1)(Prior Felon):

First, that the defendant was an alien, that is, not a natural born or naturalized citizen of the United States on or before May 22, 2023;

Second, that before May 22, 2023, the defendant had previously been arrested and deported from the United States; and,

Third: that thereafter the defendant was found in the United States without the permission of the Secretary of Homeland Security or his/her predecessor, the Attorney General of the United States.

### B. Statement of Facts

Had this matter proceeded to trial, the United States would prove the following facts beyond a reasonable doubt, through admissible testimony and evidence, which the

defendant agrees, by his signature below, are true and correct facts, and satisfy all the necessary elements of the offense of conviction referenced above:

1.     On or about May 22, 2023, Deportation Officers from the Stuart, Florida, U.S. Immigration and Customs Enforcement (ICE) Fugitive Operations Team were investigating and attempting to locate Juan Flores-Hernandez, a criminal alien who reentered the United States after deportation. During their investigation, Deportation Officers stopped a 2012 silver Ford Expedition registered to the subject's spouse on Lantana Road in Lake Worth, Palm Beach County, Southern District of Florida, after observing a Hispanic Male is the front seat of the vehicle matching Flores-Hernandez's physical description and facial features based on photographs of the wanted male. Upon approaching the vehicle, Deportation Officers identified two passengers is the back seat of the vehicle, one of which was identified as defendant Adrian SANCHEZ-LOPEZ.

2.     After identifying themselves as immigration officers using a native, Spanish-speaking ICE Officer, defendant SANCHEZ-LOPEZ was questioned as to his legal status in the United States, at which time he freely admitted to illegally entering the United States by walking across the Southern border. Additionally, the ICE officers obtained biometric confirmation that defendant SANCHEZ-LOPEZ was previously removed from the United States by utilizing an ICE ERO mobile fingerprint scanner at the scene of the arrest. Defendant SANCHEZ-LOPEZ was taken into custody and processed for immigration and criminal proceedings. During processing, defendant SANCHEZ-LOPEZ provided a post-*Miranda* sworn statement to a native Spanish-speaking ICE Officer, admitting to having been previously removed (deported) from the United States and reentering the United

2

without permission from the United States government.

3.      Certified records from defendant SANCHEZ-LOPEZ's Department of Homeland Security (DHS) Alien File ("A-File") would establish that the defendant is a native and citizen of Mexico. Those records would further establishes that on or about September 27, 2018, defendant SANCHEZ-LOPEZ was ordered removed from the United States, and that said removal order was executed and that defendant physically removed from the United States to Mexico on or about October 4, 2018.

4.      A certified DHS fingerprint examiner would testify that a comparison of defendant SANCHEZ-LOPEZ's fingerprints confirmed that the fingerprints belonged to the individual who was previously removed from the United States, that is, Adrian SANCHEZ-LOPEZ.

5.      An ICE custodian of records would further testify that a record check was performed in the DHS Computer Linked Application Informational Management System (CLAIMS) to determine if defendant SANCHEZ-LOPEZ had filed an application for permission to reapply for admission into the United States after deportation or removal. After a diligent search was performed in that database system, no record was found to exist indicating that defendant SANCHEZ-LOPEZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

6.      Defendant SANCHEZ-LOPEZ's records from Hardee County, Florida, Clerk of Courts indicate that he was arrested and on July 14, 2015, pleaded guilty in Case No. 2015CF000051CFAXMX, to criminal mischief $1,000 or more, a third-degree felony,

and sentenced on or about July 14, 2015, to four (4) years' probation and a fine. The foregoing records would further establish that defendant SANCHEZ-LOPEZ was subsequently arrested and convicted on August 2, 2018, for violation of his terms of probation. SANCHEZ-LOPEZ and sentenced to 150 days incarceration and an additional one (1) year of probation.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

SEEN, AGREED AND APPROVED:

_Adrian Sanchez Lopez_____
ADRIAN SANCHEZ-LOPEZ
DEFENDANT

_____
M. CAROLINE McCRAE
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Dated: 8/2/23

Translated by: _____

Printed Name: _____

On (Date): 8.2.2023

4